### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBOARD, CAROLYN M., Individually and as Class Representative, <br><br> Plaintiff, <br><br> vs. <br><br> COMANCHE COUNTY COURT CLERK, THE COUNTY OF COMANCHE, OKLAHOMA, ROBERT MORALES, Court Clerk, and THE BOARD OF COUNTY COMMISSIONERS, Each Individually and in their Official Capacities, to wit: GAIL TURNER, RON KIRBY AND DON HAWTHORNE, <br><br> Defendants. | ) ) ) ) ) ) ) Case No. CIV-12-192-M ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ORDER

Before the Court is defendants' Motion to Dismiss, filed February 28, 2012. On March 27, 2012, plaintiff filed her response, and on April 3, 2012, defendants filed their reply.

On August 12, 2011, plaintiff filed the instant action against defendants alleging the following causes of action: (1) violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), (2) bad faith breach of the implied covenant of good faith and fair dealing, (3) breach of contract, (4) breach of fiduciary duty, (5) negligence, (6) gross negligence, (7) intentional infliction of emotional distress, (8) negligent infliction of emotional distress, (9) negligent hiring, staffing, training, and supervision, and (10) conversion. Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss plaintiff's complaint in its entirety.

I.   Proper Naming of Comanche County as Defendant

Defendants assert that plaintiff has not properly named Comanche County as a defendant as required by Okla. Stat. tit. 19, § 4. Section 4 provides, in pertinent part: "In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of _____,' . . . ." Okla. Stat. tit. 19, §4. Plaintiff has named as defendants "The County of Comanche, Oklahoma" and "The Board of County Commissioners, each individually and in their official capacities, to wit: Gail Turner, Ron Kirby and Don Hawthorne" but has not named "The Board of County Commissioners of the County of Comanche" as a defendant. The Court, therefore, finds that plaintiff has not properly named Comanche County as a defendant as required by Okla. Stat. tit. 19, § 4. Due to the nature of this error, the Court finds that plaintiff should be given leave to amend her complaint to properly name Comanche County as a defendant in this case.

II.   State Law Tort Claims

Defendants assert that plaintiff's state law tort claims, plaintiff's second and fourth through tenth causes of action, should be dismissed based upon plaintiff's failure to comply with the statutory prerequisites of the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, § 151, *et seq*. Specifically, defendants assert that plaintiff has failed to comply with the statutory provisions for timely notice under the OGTCA.

The OGTCA is the exclusive remedy by which an injured party may recover against a governmental entity for a tort claim. *See* Okla. Stat. tit. 51, § 153(B). In order to recover under the OGTCA, a person must comply with the OGTCA's claim and notice provisions prior to filing a lawsuit. The OGTCA provides, in pertinent part:

> A. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval. The claimant and the state or political division may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision.
>
> B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss.

Okla. Stat. tit. 51, § 157. The "failure to meet the 180-day time limit operates to bar judicial enforcement of a claim against the government." *Cruse v. Bd. of Cnty. Comm'rs of Atoka Cnty.*, 910 P.2d 998, 1004 (Okla. 1995).

In the case at bar, plaintiff submitted her Notice of Tort Claim on July 29, 2010. The Board of County Commissioners for Comanche County did not respond to plaintiff's notice, and, therefore, pursuant to § 157(B) of the OGTCA, plaintiff's claim was deemed denied on October 27, 2010. At that point, plaintiff had until April 25, 2011, or 180 days, to timely file her lawsuit. Plaintiff, however, did not file the instant action until August 12, 2011, almost four months after the deadline.

Because plaintiff failed to meet the 180-day time limit, the Court finds that she is barred from bringing her state law tort claims.

In her response, plaintiff asserts that her state law tort claims are timely because she sent defendants a second tort claim notice in March, 2011. Plaintiff's assertion, however, fails in two respects. First, a review of what plaintiff asserts is a second tort claim notice reveals that it does not comply with the requirements of the OGTCA, in that it does not include any of the required information regarding the alleged loss, and, thus, does not constitute a proper notice of tort claim. In fact, the March 3, 2011 "notice" is nothing more than a follow-up to plaintiff's original July 29, 2010 Notice of Tort Claim. Second, a party's failure to commence a lawsuit within 180 days after the denial of a claim can not be revived by sending a second notice. *See Grider v. Indep. Sch. Dist. No. 89*, 872 P.2d 951 (Okla. Civ. App. 1994). Plaintiff also asserts that her state law tort claims should proceed under continuing tort principles. Plaintiff, however, provides no authority for her position that a party alleging state law tort claims under continuing tort principles is somehow exempted from compliance with the notice provisions of the OGTCA.

Accordingly, the Court finds that plaintiff's state law tort claims should be dismissed.

### III.     FMLA Claim

In her first cause of action, plaintiff alleges violations of the FMLA. In this cause of action, plaintiff is alleging both an interference theory arising under 29 U.S.C. § 2615(a)(1) and a retaliation or discrimination theory arising under 29 U.S.C. § 2615(a)(2). Defendants contend that plaintiff has

failed to sufficiently plead facts that demonstrate a viable FMLA claim and that plaintiff's FMLA claim should be dismissed pursuant to Rule 12(b)(6).[1]

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted).  Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

---

[1] Defendants also contend that plaintiff's FMLA claim should be dismissed against defendants the Comanche County Court Clerk, the County of Comanche, Oklahoma, and the Board of County Commissioners, each individually and in their official capacities, to wit: Gail Turner, Rob Kirby, and Don Hawthorne because these defendants are not proper defendants for a FMLA claim. Because this Court is granting plaintiff leave to amend her complaint to allege the proper defendants in this case, the Court declines to address this contention.

To establish an interference claim, a plaintiff must show: "(1) that [s]he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with h[er] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of h[er] FMLA rights." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007) (internal quotations and citation omitted). To establish a retaliation claim, a plaintiff must show that: "(1) she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Id.* (internal quotations and citation omitted).

Having carefully reviewed plaintiff's complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to properly plead an FMLA interference claim and an FMLA retaliation claim. In her complaint, plaintiff specifically avers that she was entitled to FMLA leave and was denied FMLA leave as it is provided for under the FMLA. The Court further finds that plaintiff sufficiently alleges that this denial was related to her attempted exercise of her FMLA rights. Additionally, plaintiff specifically avers that she sought to take FMLA leave and that defendants retaliated against her by discharging her of her supervisory duties, moving her out of the office in which she supervised other employees, and taking away her keys. The Court further finds that plaintiff sufficiently alleges that these actions were causally connected to her request to take FMLA leave.

Accordingly, the Court finds that plaintiff's FMLA claim should not be dismissed.

IV.     Breach of Contract Claim

In her third cause of action, plaintiff alleges a breach of contract claim. Defendants contend that plaintiff has failed to sufficiently plead facts that demonstrate a viable breach of contract claim and that plaintiff's breach of contract claim should be dismissed pursuant to Rule 12(b)(6).

To establish a breach of contract claim, a plaintiff must show: (1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach. *See Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Having carefully reviewed plaintiff's complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations to properly plead a breach of contract claim. In her complaint, plaintiff specifically avers the Employee Personnel Policy Handbook for Comanche County created a contract or agreement to which plaintiff was either a party or third-party beneficiary, that defendants breached the contract by requiring her to exhaust her accrued leave benefits, and that she was damaged as a result. Accordingly, the Court finds that plaintiff's breach of contract claim should not be dismissed.

V.      Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Dismiss [docket no. 10] as follows:

(1)     The Court GRANTS the motion to dismiss as to defendants the County of Comanche, Oklahoma and the Board of County Commissioners, each individually and in their official capacities, to wit: Gail Turner, Ron Kirby, and Don Hawthorne but GRANTS plaintiff leave to file an amended complaint to properly name Comanche County as a defendant in this case. Said amended complaint shall be filed within ten (10) days of the date of this Order;

(2)     The Court GRANTS the motion to dismiss as to plaintiff's state law tort claims (plaintiff's second and fourth through tenth causes of action); and

(3)  The Court DENIES the motion to dismiss as to plaintiff's FMLA claim (plaintiff's first cause of action) and plaintiff's breach of contract claim (plaintiff's third cause of action).

**IT IS SO ORDERED this 25th day of April, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE