## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBOARD, CAROLYN M., Individually and as Class Representative, )<br><br>Plaintiff, )<br><br>vs. )<br><br>BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COMANCHE; ROBERT MORALES, Individually and in his Official Capacity as Court Clerk of Comanche County; Gail Turner, Individually and in her Official Capacity as Comanche County Commissioner; Ron Kirby, Individually and in his Official Capacity as Comanche County Commissioner; and Don Hawthorne, Individually and in his Official Capacity as Comanche County Commissioner, )<br><br>Defendants. ) | Case No. CIV-12-192-M |

## ORDER

Before the Court is defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed

May 21, 2012. On June 11, 2012, plaintiff filed her response, and on June 14, 2012, defendants filed

their reply. Based upon the parties' submissions, the Court makes its determination.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants move to dismiss plaintiff's

Amended Complaint. Specifically, defendants assert that plaintiff's claims under the Family and

Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") should be dismissed as to defendants Board

of County Commissioners of the County of Comanche ("Board"), Ron Kirby, individually and in

his official capacity as Comanche County Commissioner ("Kirby"), Gail Turner, individually and

in her official capacity as Comanche County Commissioner ("Turner"), Don Hawthorne, individually and in his official capacity as Comanche County Commissioner ("Hawthorne"), and Robert Morales, in his individual capacity. Defendants further assert that plaintiff's breach of contract claim should be dismissed as to all defendants, except for defendant Board. Finally, defendants assert that plaintiff's claim for punitive damages should be dismissed in its entirety, as should plaintiff's claim of eligibility for class certification under state law.

I.      Motion to Dismiss Standard

        Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a

complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

II.    FMLA Claim

Pursuant to the provisions of the FMLA, such claims are proper only against the plaintiff's employer.  The FMLA defines "employer" as including "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer," and "any public agency." *See* 29 U.S.C. § 2611(4)(A)(ii)(I),(iii).  "Normally the legal entity which employs the employee is the employer under FMLA."  29 C.F.R. § 825.104(c).

Defendants assert that plaintiff's Amended Complaint wholly fails to plead sufficient facts to state a plausible claim that each of the defendants qualifies as her employer under the FMLA. In her response, plaintiff contends that defendant Robert Morales, in his individual capacity, and Turner, Kirby, and Hawthorne come within the ambit of "employer" as defined by the FMLA. Specifically, plaintiff contends that both Robert Morales and each of the county commissioners acted pursuant to Comanche County policies and practices in the interests of the county employer, and, as such, are subject to liability as "employers" of plaintiff.

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations that defendant Board and defendant Robert Morales, in his official capacity, were her employer but has not set forth sufficient factual allegations that the remaining defendants were her employer.  In her Amended Complaint, plaintiff specifically avers that she "was an employee of the Comanche County District Court and the County of Comanche, Oklahoma," Amended Complaint at ¶ 1, and that she "is a full-time employee of the

Comanche County Court Clerk," Amended Complaint at ¶ 7.[1]  Plaintiff, however, has made no allegation of any action by any of the remaining defendants to suggest any action, directly or indirectly, in the interest of her admitted actual employer, the County of Comanche, Oklahoma/the Comanche County Court Clerk.  The Court further finds that plaintiff offers no additional factual allegations that would sufficiently identify or even suggest that defendants Kirby, Turner, Hawthorne, or Robert Morales, in his individual capacity, were an employer, as defined by the FMLA.  Accordingly, the Court finds that plaintiff's FMLA claim against these defendants should be dismissed.

III.    Breach of Contract Claim

Defendants assert that plaintiff's Amended Complaint wholly fails to identify specific factual allegations supporting a breach of contract claim against any defendant other than defendant Board.  Specifically, defendants assert that plaintiff fails to plead any factual allegations suggesting that plaintiff ever entered into any alleged contractual agreement with defendants Robert Morales, Turner, Kirby, or Hawthorne.

Having carefully reviewed plaintiff's Amended Complaint, the Court finds that plaintiff has not set forth sufficient factual allegations to properly plead a breach of contract action against defendants Robert Morales, Turner, Kirby, or Hawthorne.  The basis for plaintiff's breach of contract claim is the Employee Personnel Policy Handbook for Comanche County.  *See* Amended Complaint at ¶¶ 12, 21.  No where in her Amended Complaint does plaintiff set forth any factual allegations that she entered into any alleged contract with defendants Robert Morales, Turner, Kirby,

---

[1]It is unclear whether the County of Comanche, Oklahoma or the Comanche County Court Clerk was plaintiff's actual employer.  At this stage of the proceedings, however, the Court finds that plaintiff has sufficiently alleged that either or both were her employer.

or Hawthorne.  Accordingly, the Court finds that plaintiff's breach of contract claim against these defendants should be dismissed.

IV.     Punitive Damages Claim

Defendants assert that plaintiff's punitive damages claim should be dismissed because punitive damages are not recoverable under any remaining theory of relief.  In her response, plaintiff concedes that she is not entitled to punitive damages under the FMLA or under a state law claim for breach of contract and that her claim for punitive damages in her Amended Complaint was inadvertently retained from the original filing.  Accordingly, the Court finds that plaintiff's punitive damages claim should be dismissed.

V.      Class Certification Claim

Defendants assert that plaintiff's Amended Complaint asserts no factual basis for any allegation of similar treatment toward any other employee of the Comanche County Court Clerk and fails to identify what claim she believes is eligible for class certification.  In her response, plaintiff states that she has not yet filed any motion for class treatment nor has she begun to determine the efficacy of doing so.  Having carefully reviewed plaintiff's Amended Complaint, the Court finds that plaintiff has failed to set forth sufficient factual allegations to support certifying any claim as a class action.  Accordingly, the Court finds that plaintiff's class certification claim should be dismissed.

VI.     Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Dismiss Plaintiff's Amended Complaint [docket no. 19] as set forth above.  Plaintiff's FMLA claim is hereby DISMISSED against all defendants, except for defendant Board and defendant Robert Morales, in his official capacity; plaintiff's breach of contract claim is hereby DISMISSED against

5

all defendants, except for defendant Board; and plaintiff's punitive damages claim and class certification claim are hereby DISMISSED against all defendants.

      **IT IS SO ORDERED this 26th day of July, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE