IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBOARD, CAROLYN M., Individually and as Class Representative, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-12-192-M ) |
| BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COMANCHE; ROBERT MORALES, In his Official Capacity as Court Clerk of Comanche County, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927, and Alternative Second Motion to Compel, filed March 5, 2013. On March 7, 2013, plaintiff filed her response, and on March 8, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

On October 2, 2012, defendants' First Interrogatories and Requests for Production were served on plaintiff. Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), plaintiff's responses to defendants' discovery requests were due November 1, 2012. Plaintiff did not provide any responses on November 1, 2012.

On November 2, 2012, defendants' counsel prepared a letter to plaintiff's counsel requesting production of discovery responses. Plaintiff's counsel's fax machine would not receive any attempted fax to his office from November 2 through November 5. On November 6, 2012, defendants' counsel sent a second letter to plaintiff's counsel and emailed plaintiff's counsel, again requesting plaintiff to immediately provide discovery responses. On November 6, 2012, plaintiff's

counsel responded, indicating that he anticipated production of discovery responses the following week. Plaintiff's counsel also indicated that his wife was suffering from significant health issues, which was contributing to the delay in producing discovery responses.

On November 19, 2012, defendants' counsel again inquired as to the status of plaintiff's discovery responses. Plaintiff's counsel did not respond, and on November 27, 2012, defendants' counsel submitted another letter by fax and email to plaintiff's counsel. On November 28, 2012, defendants' counsel again emailed plaintiff's counsel requesting a response to his letter and email of November 27, 2012. On November 29, 2012, plaintiff's counsel emailed defendants' counsel and indicated a need for yet additional time to obtain information from plaintiff, as well as to accommodate the medical needs and care for his wife and mother, who was also suffering a terminal illness. On November 29, 2012, defendants' counsel agreed to allow plaintiff indefinite time to complete discovery responses and further agreed to periodically inquire with plaintiff's counsel to obtain discovery responses.

On December 7, 2012, defendants' counsel inquired as to the status of plaintiff's discovery responses, and plaintiff's counsel notified him that he would attempt to provide responses the following week. On December 14, 2012, defendants' counsel inquired as to the status of plaintiff's discovery responses and received no response from plaintiff's counsel. On December 19, 2012, defendants' counsel again inquired as to the status of plaintiff's discovery responses and again received no response from plaintiff's counsel. On January 7, 2013, plaintiff's counsel emailed defendants' counsel and produced requested, signed medical authorizations on behalf of plaintiff and a list of plaintiff's medical providers. However, plaintiff did not produce answers to interrogatories or responses to requests for production.

On January 29, 2013, defendants filed a motion to compel.  Plaintiff filed no response to defendants' motion.  On February 21, 2013, this Court granted defendants' motion to compel and ordered plaintiff to respond to defendants' discovery requests within ten days of the date of the order.

When plaintiff did not provide any responses to defendants' discovery requests, defendants filed the instant motion for sanctions.  Defendants move this Court to enter an order dismissing this action as a sanction for plaintiff's refusal and/or failure to respond to discovery requests and/or comply with this Court's order compelling plaintiff to so respond or, in the alternative, to order plaintiff to participate in discovery and compel plaintiff to provide complete discovery responses immediately.  Defendants further move this Court to award them their costs and fees.

In her response, plaintiff states that her counsel inadvertently and innocently docketed the deadline to provide discovery responses as March 7, 2013, the deadline if this matter had been in Oklahoma state court.  Plaintiff's counsel states that discovery responses were being sent to opposing counsel on March 7 with expedited delivery and requests that his client not be penalized for his truly innocent oversight.  In their reply filed on March 8, 2013, defendants still seek the above-referenced sanctions and note that they still have not received any discovery responses.

> A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.  The Court's discretion includes dismissing a case for discovery violations.  Dismissal is a severe sanction; therefore, it should be imposed only if a lesser sanction would not serve the ends of justice.  The district court should consider the following factors when considering whether dismissal is an appropriate sanction: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.

*LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (internal quotations and citations omitted).

Having carefully considered the above factors, the Court finds that dismissal is not an appropriate sanction in this case. First, having reviewed the parties' submissions, the Court finds that there has been only minimal prejudice to defendants. Based upon plaintiff's representation in her response, plaintiff's counsel sent plaintiff's discovery responses to defendants' counsel on March 7, 2013. While defendants had not received the discovery responses by the morning of March 8, 2013, when they filed their reply, it is likely that defendants have since received plaintiff's discovery responses, as they were sent with expedited delivery. Second, the Court finds that there has been minimal interference with the judicial process. Third, the Court finds that plaintiff has no culpability for the discovery violations and that said violations were solely the result of plaintiff's counsel's family members' health issues, plaintiff's counsel's failure to promptly respond to defendants' counsel's inquiries, and plaintiff's counsel's docketing error. Fourth, plaintiff was not warned in advance by this Court that dismissal was a likely sanction. Finally, the Court finds that a lesser sanction would be effective and serve the ends of justice. Specifically, the Court finds that plaintiff's counsel should pay the attorney fees and costs incurred by defendants in filing the instant motion for sanctions.

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendants' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927, and Alternative

Second Motion to Compel [docket no. 37] and ORDERS plaintiff's counsel to pay the attorney fees and costs incurred by defendants in filing the instant motion for sanctions.[1]

**IT IS SO ORDERED this 13th day of March, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If defendants have not received plaintiff's discovery responses that were sent on March 7, 2013, the Court ORDERS plaintiff to provide these discovery responses, by hand delivery to defendants' counsel, by March 15, 2013.