# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBOARD, CAROLYN M., Individually and as Class Representative, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-12-192-M ) |
| BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COMANCHE; ROBERT MORALES, in his Official Capacity as Court Clerk of Comanche County, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

This case is scheduled for trial on the Court's November 2013 trial docket.

Before the Court is defendant Robert Morales' ("Morales") Motion for Summary Judgment, filed September 3, 2013. Plaintiff has filed no response. Pursuant to Local Civil Rule 56.1(c), the Court deems the statement of undisputed facts contained in Morales' motion admitted for the purpose of summary judgment.

Plaintiff was a Deputy Court Clerk for Comanche County, Oklahoma. Morales is currently the Court Clerk of Comanche County and was so at all times relevant to plaintiff's claims. In her Amended Complaint, plaintiff alleges that Morales violated the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA") by denying her leave and interfering with her rights under the FMLA and by retaliating against her in connection with her enforcement of her FMLA rights. Morales now moves this Court for summary judgment.

> To make out a prima facie claim for FMLA interference, a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights.

*Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005).

Having carefully reviewed Morales' motion for summary judgment, as well as the court file, and viewing the evidence in the light most favorable to plaintiff, the Court finds that there is no material issue of fact as to whether Morales interfered with plaintiff's right to take FMLA leave. Specifically, based upon Morales' statements of undisputed fact, which have been deemed admitted, Morales approved all requests for FMLA leave for plaintiff and did not interfere with her use of leave at any time. In fact, based upon Morales' statements of undisputed fact, Morales often provided plaintiff leave in excess to that required under the FMLA.

Additionally, the Court finds that the Comanche County Court Clerk's policy of requiring any accrued vacation, sick, and/or annual leave to run concurrently with FMLA leave does not interfere with plaintiff's rights under the FMLA. The FMLA specifically provides that "an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for [FMLA] leave. . . ." 29 U.S.C. § 2612(d)(2)(A). Further,

> Generally, FMLA leave is unpaid leave. However, under the circumstances described in this section, FMLA permits an eligible employee to choose to substitute accrued paid leave for FMLA leave. If an employee does not choose to substitute accrued paid leave, the employer may require the employee to substitute accrued paid leave for unpaid FMLA leave. The term substitute means that the paid leave provided by the employer, and accrued pursuant to established policies of the employer, will run concurrently with the unpaid FMLA leave. Accordingly, the employee receives pay pursuant to the employer's applicable paid leave policy during the period of otherwise unpaid FMLA leave.

29 C.F.R. § 825.207(a).

Accordingly, the Court finds that Morales is entitled to summary judgment as to plaintiff's FMLA interference claim.

To state a prima facie case of FMLA retaliation, plaintiff must show: (1) she engaged in a protected activity; (2) Morales took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action. *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006). In relation to the second element, "[a]n adverse employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Annett v. Univ. of Kansas*, 371 F.3d 1233, 1237 (10th Cir. 2004) (internal quotations and citation omitted).

Plaintiff's claim of retaliation is based upon her allegation of moving her out of her office in which she supervised other employees and taking back her keys with which she gained access to the courthouse and its various offices. Having carefully reviewed Morales' motion for summary judgment, as well as the court file, and viewing the evidence in the light most favorable to plaintiff, the Court finds that there is no material issue of fact as to whether Morales took an action that a reasonable employee would have found materially adverse. Specifically, based upon Morales' statements of undisputed fact, which have been deemed admitted, the actions of Morales do not entail a significant change of plaintiff's employment status; plaintiff's duties did not change, and she was not required to change any terms, conditions, pay, or benefits associated with her employment. Additionally, the FMLA expressly provides that, if an employee requests intermittent leave, the employer may transfer her to an alternative position for which the employee is qualified,

3

which has equivalent pay and benefits, and which "better accommodates recurring periods of leave than the regular employment position of the employee." 29 U.S.C. § 2612(b)(2). Based upon Morales' undisputed facts, plaintiff's move was precautionary in the event she needed to take emergency medical and/or additional intermittent leave, and to allow plaintiff to notify her supervisor immediately in the event of the need for such leave. The Court finds such a move is expressly permitted under the FMLA and cannot be construed to be retaliation for plaintiff's exercise of her FMLA rights.

The Court, therefore, finds that Morales is entitled to summary judgment as to plaintiff's FMLA retaliation claim.

Accordingly, for the reasons set forth above, the Court GRANTS Morales' Motion for Summary Judgment [docket no. 47].

**IT IS SO ORDERED this 18th day of October, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE