## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DEBOARD, CAROLYN M., Individually          )
and as Class Representative,               )
                                           )
                    Plaintiff,             )
                                           )
vs.                                        )          Case No. CIV-12-192-M
                                           )
BOARD OF COUNTY                            )
COMMISSIONERS OF THE COUNTY                )
OF COMANCHE;                               )
ROBERT MORALES, in his Official            )
Capacity as Court Clerk of Comanche        )
County,                                    )
                                           )
                    Defendants.            )

## ORDER

This case is scheduled for trial on the Court's November 2013 trial docket.

Before the Court is defendant Board of County Commissioners of the County of Comanche's

("Board") Motion for Summary Judgment, filed September 3, 2013.  Plaintiff has filed no response.

Pursuant to Local Civil Rule 56.1(c), the Court deems the statement of undisputed facts contained

in the Board's motion admitted for the purpose of summary judgment.

I.    Introduction

Plaintiff was a Deputy Court Clerk for Comanche County, Oklahoma.  Defendant Robert

Morales is currently the Court Clerk of Comanche County and was so at all times relevant to

plaintiff's claims.  The Office of the Court Clerk of Comanche County is an independently elected

position, selected by vote of the citizens of Comanche County.  The Court Clerk of Comanche

County has the authority to hire, discipline, terminate, and supervise employees of the Court Clerk

of Comanche County.  The Board does not oversee or supervise employees of the Court Clerk of

Comanche County in any way, and members of the Board, and the Board itself, cannot hire, fire, or

discipline employees of the Court Clerk's office.  Further, plaintiff admits that neither the Board, nor any of its members, ever exercised any supervision, oversight, management, or disciplinary authority over her, nor was she aware of any authority for them to do so.

In her Amended Complaint, plaintiff asserts two claims against the Board: (1)  violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), and (2) breach of contract. The Board now moves this Court for summary judgment.

II.    Discussion

A.    FMLA Claim

The Board contends that it is not a proper party to plaintiff's FMLA claim because it was not her employer.  Under the FMLA, a plaintiff may only present claims as an eligible employee if she meets the employment terms set forth in 29 U.S.C. § 2611(2), specifically requiring a plaintiff to have been employed "by the employer with respect to whom leave is requested."  29 U.S.C. § 2611(2)(A).  Having carefully reviewed the Board's motion for summary judgment, as well as the court file, and viewing the evidence in the light most favorable to plaintiff, the Court finds that there is no material issue of fact as to whether the Board was plaintiff's employer.  The Board does not oversee or supervise employees of the Court Clerk of Comanche County in any way, and members of the Board, and the Board itself, cannot hire, fire, or discipline employees of the Court Clerk's office.  Based upon the Board's lack of supervision and authority over the employees of the Court Clerk of Comanche County, the Court finds that plaintiff has not shown that the Board is her employer.

Accordingly, the Court finds that the Board is entitled to summary judgment as to plaintiff's FMLA claim.

B.      Breach of Contract Claim

In her Amended Complaint, plaintiff alleges that county policies regarding employee leave benefits as they relate to the FMLA created a contract or agreement to which plaintiff was either a party or a third-party beneficiary and that the Board breached said contract by requiring plaintiff to exhaust accrued leave benefits in contradiction to said contract, agreement, or policy.  The Comanche County Employee Personnel Handbook, however, states that the conditions of employment set forth therein "are not intended to be and do not constitute a contract of employment."  Employee Personnel Policy Handbook, Comanche County, at 1, attached as Exhibit 19 to the Board's Motion for Summary Judgment.   Additionally, plaintiff signed an Acknowledgment Form expressly stating:

> I understand that the policies and benefits described in this handbook are not conditions of employment and do not and are not intended to create a contract between Comanche County and myself.  The policies and procedures of the County do not give rise to vested or implied contractual rights nor create any property rights at any time during my employment with the County.

Employment Acknowledgment Form, attached as Exhibit 20 to the Board's Motion for Summary Judgment.

"Oklahoma jurisprudence recognizes that an employee handbook may form the basis of an implied contract between an employer and its employees if four traditional contract requirements exist: (1) competent parties, (2) consent, (3) a legal object and (4) consideration."  *Russell v. Bd. of Cnty. Comm'rs, Carter Cnty.*, 952 P.2d 492, 501-02 (Okla. 1997).  Further, "an employer may deny (or disclaim) any intent to make the provisions of a personnel manual part of the employment relationship," if the disclaimer is clear.  *Id.* at 502.

3

Having carefully reviewed the Board's motion for summary judgment, and viewing the evidence in the light most favorable to plaintiff, the Court finds there was no consent on the part of either the Board or plaintiff to enter into a contractual relationship with regard to the terms of the Employee Personnel Policy Handbook.  In fact, through the clear disclaimer in the policy and plaintiff's signed acknowledgment form, there was express consent of the parties not to enter into such a contractual relationship.  Because there was no consent, the Court finds that no implied contract was formed between the parties.

The Court, therefore, finds that the Board is entitled to summary judgment as to plaintiff's breach of contract claim.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the Board's Motion for Summary Judgment [docket no. 46].

**IT IS SO ORDERED this 18th day of October, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE